UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
ANDREA R. JYMISON,
    Debtor.                                           No. 7-11-15017 SA

**MEMORANDUM OPINION AND ORDER REGARDING
<u>EMERGENCY MOTION TO VACATE DISCHARGE</u>**

    This matter is before the Court on Debtor's Emergency Motion to Vacate Discharge (doc 31) filed February 21, 2012. Literally Debtor seeks an order vacating her discharge until the Court rules on her Motion to Convert to Chapter 13 (doc 30). In fact, Debtor's goal is to reimpose or revive the automatic stay with respect to Debtor's property that ended with her discharge, <u>see</u> 11 U.S.C. § 362(c)(2)(C) ("the stay of [any act other than an act against property of the estate] continues until the earliest of ... the time a discharge is granted or denied."), and presumably keep the automatic stay in effect until the completion of the Debtor's hoped for chapter 13 case. The Court finds that the Motion must be denied.[1]

**<u>FACTS</u>**

    The docket sheet in this case shows that the Discharge Order (doc 29) was entered on February 21, 2012 at 5:00 AM MST. The Motion to Convert (doc 30) was filed on February 21, 2012 at

---

[1] The Court has subject matter and personal jurisdiction pursuant to 28 U.S.C. §§1334 and 157(b); this is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (J) and (O); and these are findings of fact and conclusions of law as may be required by Rule 7052 F.R.B.P.

11:31 AM MST, and the instant motion to vacate the discharge less than five minutes later.

**DISCUSSION**

Discharges are governed by 11 U.S.C. § 727. The only method to vacate a discharge is set forth in § 727(d):

> On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;
> (2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of or entitlement to such property, or to deliver or surrender such property to the trustee;
> (3) the debtor committed an act specified in subsection (a)(6) of this section; or
> (4) the debtor has failed to explain satisfactorily--
>     (A) a material misstatement in an audit referred to in section 586(f) of title 28; or
>     (B) a failure to make available for inspection all necessary accounts, papers, documents, financial records, files, and all other papers, things, or property belonging to the debtor that are requested for an audit referred to in section 586(f) of title 28.

On its face the statute does not provide for a debtor to set aside his or her own discharge. However, even if this Debtor were able to convince a creditor or trustee to pursue vacating the discharge on behalf of the Debtor, the facts alleged in the Motion do not satisfy any of the statutory requirements to do so. See In re Kirksey, 433 B.R. 46, 49 (Bankr. D. Colo. 2010). See also In re Engles, 384 B.R. 593, 598 (Bankr. N.D. Okla. 2008)

(Section 725(d) determines who has standing to revoke a debtor's discharge and limits standing to the trustee, a creditor and the United States Trustee.); In re Stewart, 355 B.R. 636, 638 (Bankr. N.D. Ohio 2006)(Court may not use section 105 to "vacate" a debtor's discharge to allow untimely entry of a reaffirmation agreement.)

Debtor argues that section 706(a)[2] permits Debtor to "convert a case under this chapter to a case under chapter 11, 12 or 13 of this title at any time" (with exceptions not relevant in this case), even after the entry of a discharge.  While it is true that the statute seems to anticipate an unlimited right to convert, the Bankruptcy Rules somewhat qualify that right:

> Conversion or dismissal under §§ 706(a), 1112(a), 1208(b), or 1307(b) shall be on motion filed and served as required by Rule 9013.

Fed.R.Bankr.P. 1017(f)(2).  Rule 9013 governs motion practice:

> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing.  The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought.  Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these

---

[2]The full text is:
(a) The debtor *may* convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title.  Any waiver of the right to convert a case under this subsection is unenforceable.
11 U.S.C. § 706(a)(Emphasis added.)

Page -3-

Case 11-15017-s7    Doc 33    Filed 03/05/12    Entered 03/05/12 14:26:10 Page 3 of 8

> rules or, if service is not required or the entities to
> be served are not specified by these rules, the moving
> party shall serve the entities the court directs.

Fed.R.Bankr.P. 9013.  The Bankruptcy Rules specify the entities that are to receive notice of a motion to convert from Chapter 7:

> [T]he clerk, or some other person as the court may
> direct, shall give the debtor, the trustee, all
> creditors and indenture trustees at least 21 days'
> notice by mail of:
> ...
> (4) in a chapter 7 liquidation, ... the hearing on the
> dismissal of the case or the conversion of the case to
> another chapter[.]

Fed.R.Bankr.P. 2002(a)(4).

Before 2007, bankruptcy courts disagreed about whether a Chapter 7 debtor's right to convert to chapter 13 was really absolute.  Compare, e.g. In re Ponzini, 277 B.R. 399, 404 (Bankr. E.D. Ark. 2002) (The court adopted the reasoning that "at any time" means that a debtor may seek conversion any time during the life of the case, but does not mean "at any time regardless of circumstances," and found that the use of the word "may" suggested that the right is presumptive rather than absolute.) and id. at 405 (The Court further noted that a conversion under section 706(a) requires a motion and notice to creditors; if the right to convert were absolute this motion and notice procedure would be meaningless.) with Mason v. Young (In re Young), 237 F.3d 1168, 1173 (10th Cir. 2001):

> While courts may disallow specific "Chapter 20"
> conversions under the peculiar circumstances of a given
> case, as a general matter the Bankruptcy Code and most

Page -4-

courts are clear regarding the permissibility of such
conversions: "The debtor may convert a case under
[chapter 7] to a case under chapter ... 13 of this
title at any time." 11 U.S.C. § 706(a); see also In re
Mosby, 244 B.R. 79 (Bankr. E.D. Va. 2000) (collecting
cases and concluding that permitting conversion to
Chapter 13 even after a discharge under Chapter 7 is
proper). There is no evidence of congressional intent
to the contrary.

Other courts imposed a "bright-line" rule that conversions from Chapter 7 to Chapter 13 were prohibited after discharge. In re Lesniak, 208 B.R. 902, 906 (Bankr. N.D. Ill. 1997).

In 2007 the United States Supreme Court addressed the conversion issue head-on:

> An issue that has arisen with disturbing frequency
> is whether a debtor who acts in bad faith prior to, or
> in the course of, filing a Chapter 13 petition by, for
> example, fraudulently concealing significant assets,
> thereby forfeits his right to obtain Chapter 13 relief.
> The issue may arise at the outset of a Chapter 13 case
> in response to a motion by creditors or by the United
> States trustee either to dismiss the case or to convert
> it to Chapter 7, see § 1307(c). It also may arise in a
> Chapter 7 case when a debtor files a motion under §
> 706(a) to convert to Chapter 13. In the former
> context, despite the absence of any statutory provision
> specifically addressing the issue, the federal courts
> are virtually unanimous that prepetition bad-faith
> conduct may cause a forfeiture of any right to proceed
> with a Chapter 13 case. In the latter context,
> however, some courts have suggested that even a
> bad-faith debtor has an absolute right to convert at
> least one Chapter 7 proceeding into a Chapter 13 case
> even though the case will thereafter be dismissed or
> immediately returned to Chapter 7. We granted
> certiorari to decide whether the Code mandates that
> procedural anomaly.

Marrama v. Citizens Bank of Massachusetts, 549 U.S. 365, 367-68 (2007)(Footnotes omitted.) In Marrama, the majority read section

Page -5-

706(a) in conjunction with 706(d)[3] and ruled that the latter section was an express condition on 706(a) that a debtor must qualify for chapter 13 relief in order to convert.  Id. at 372.  The majority then found that section 1307(c)[4] allowed dismissal or conversion of a chapter 13 case to chapter 7 "for cause."  Id. at 373.  Because bankruptcy courts routinely dismiss chapter 13 cases if they are found to be filed in bad faith, such bad faith is "tantamount to a ruling that the individual does not qualify as a debtor under chapter 13."  Id. at 373-74.  Therefore, under the broad equitable powers granted to bankruptcy judges, they may immediately deny a motion to convert if it will be followed by a reconversion to Chapter 7.  Id. at 375.

In this Court's opinion there is no absolute right for a Chapter 7 debtor to convert to Chapter 13.  Rather, conversion

---

[3]That section provides:
Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.
11 U.S.C. § 706(d).

[4]That section provides:
Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
[11 different causes.]
11 U.S.C. § 1307(c)(Emphasis added.)  "Including" is not limiting.  11 U.S.C. § 102(3).

requires a motion, notice and an opportunity for creditors to oppose the conversion "for cause," including bad faith.  See also In re Splawn, 2008 WL 1914253 at *3 and *5 (Bankr. D. N.M. 2008) (Citing Marrama as authority and finding bad faith, the bankruptcy court denied a motion to convert from Chapter 7 to Chapter 13.)

The Debtor's discharge was entered some six or seven hours before the Motion to Convert.  Debtor must take the facts as they are.  Of course, nothing prohibits a debtor from filing a new chapter 13 case after receiving a chapter 7 discharge.  If the Debtor needs an automatic stay, she can file a new case and take advantage of section 362(c)(3) and NM LBR 4001-1.1 to continue the stay beyond the thirty-day time set forth in section 362(c)(3)[5].

Alternatively, Debtor might chose to continue in this case, provide notice of the Motion to Convert and wait for objections. If there are no objections, or if Debtor prevails in her motion over any objections, she could then obtain a conversion order and file an adversary proceeding to obtain a reinstatement of the automatic stay in her converted case.  See Fed.R.Bankr.P. 7001(7) (injunctive relief.)  But, a short-term or long-term vacation of her discharge is not the answer.

---

[5]Section 362(c)(3) may not be available to Debtor if she does not file another case.  The Court need not and does not decide that issue in this decision.

Case 11-15017-s7    Doc 33    Filed 03/05/12    Entered 03/05/12 14:26:10 Page 7 of 8

**IT IS ORDERED** that the Debtor's Emergency Motion to Vacate Discharge (doc 31) is denied.

/s/ James S. Starzynski

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket:  March 5, 2012

Copies to:

David R Jordan
PO Box 840
Gallup, NM 87305-0840

Linda S. Bloom
Trustee
PO Box 218
Albuquerque, NM 87103-0218

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608